IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LLOYD E. GRASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4127-CV-C-NKL |
| ) | |
| JANET KETTLE, Case Manager, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Lloyd E. Grass, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Plaintiff seeks relief under 42 U.S.C. § 1983 against Fulton State Hospital defendants Janet Kettle, Anne Chambers, Charlene Coe-Gilmore, John Lyskowski, Marty Martin, Robert Reitz, Richard Gowdy, Felix Vincenz, and Keith Schafer, and the Missouri Department of Mental Health, Missouri Attorney General Jeremiah Nixon, and the State of Missouri. Plaintiff's complaint alleges he is unlawfully being held at Fulton State Hospital (FSH), and seeks to be released and damages for his unlawful confinement.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee,

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2).  The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).  The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id. at 327.  Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Upon review, plaintiff's claims are recommended dismissed for failure to state a claim on which relief may be granted.  Plaintiff's complaint fails to state a claim for two reasons.

First, plaintiff's claims are subject to dismissal on abstention grounds.  It is well-established policy that the federal courts should abstain from meddling in litigation pending in state courts.  See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943).  The federal courts may abstain when there is a pending state court proceeding involving the same subject matter. Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967); Annotation, Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1967).  This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE:  JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters.  Ankenbrandt v. Richards, 504 U.S. 689 (1992).  See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); Ronwin v. Dunham, 818 F.2d 675 (8th Cir. 1987).  This is known as the Abstention Doctrine and is followed in the federal court system today.  See also Younger v. Harris, 401 U.S. 37, 46 (1971).

2

In the instant case, plaintiff has a pending criminal proceeding in the Missouri state courts. In September 1994, the Warren County Circuit Court accepted plaintiff's plea of not guilty by reason of insanity for the charge of murder in the first degree and committed him to the custody of the Missouri Department of Mental Health. After being committed, plaintiff made filings with the state courts seeking to be unconditionally released. On February 1, 2006, a state trial court judge tried the issue of plaintiff's release. The trial court entered a judgment denying plaintiff unconditional release, but granting application for conditional release. Plaintiff and the state appealed the order to the Missouri Court of Appeals for the Eastern District of Missouri. The Missouri Appeals Court for the Eastern District of Missouri issued an order on February 27, 2007, Grass v. State of Missouri, 220 S.W.3d 335. The appellate court affirmed the part of the trial court's judgment denying plaintiff unconditional release, and reversed the part of the trial court's judgment which granted plaintiff conditional release. The appellate court further remanded the issue of conditional release to the trial court for a new trial. The official remand to the trial court was issued on June 8, 2007.

Clearly there are ongoing state proceedings regarding plaintiff's commitment to the Missouri Department of Mental Health, which plaintiff seeks to challenge in this case. Therefore, because plaintiff's claims in the instant action involve the same claims as those in his pending state court proceedings, this court should abstain.

Additionally, plaintiff's allegation that he is being wrongfully confined at FSH is, in fact, a habeas corpus issue, which should be dismissed, without prejudice. Duncan v. Walker, 533 U.S. 167, 177 (2001) (habeas corpus review may be available to challenge the legality of a state court order of civil commitment); see also Francois v. Henderson, 850 F.2d 231 (5th Cir. 1988) (entertaining a challenge brought in a federal habeas petition under § 2254 to a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity).

When a judgment in favor of a plaintiff would necessarily imply the invalidity of his confinement, the issue is one of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for illegal confinement, imprisonment, or other act that would "necessarily" render his conviction or

sentence to confinement invalid, the prisoner must first prove that his sentence or confinement has been invalidated through appropriate channels. Heck, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence to confinement has been set aside.

To challenge his state conviction or sentence to confinement in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Thus, plaintiff's claims that he is wrongfully being confined at FSH should be dismissed, without prejudice. Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence to confinement, he may refile his section 1983 claims at that time.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis be denied and his claims be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 25th day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5